October 11, 1996 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 94-1881

 JOHN MCCABE,

 Plaintiff, Appellant,

 v.

 LEONARD MACH, ETC., ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges. 

 

John McCabe on brief pro se. 
Scott Harshbarger, Attorney General, Shelley L. Taylor, Assistant 
Attorney General, Nancy Ankers White, Special Assistant Attorney 
General, and William D. Saltzman, Department of Correction, on brief 
for appellees.

 

 

 Per Curiam. We have reviewed carefully the record in 

this case, including the trial transcript and the briefs of

the parties. We find no reversible error to have occurred.

We add only the following.

 We find no abuse of discretion in the trial court's

denial of McCabe's request for appointment of counsel. In a

civil case, counsel is required only in "exceptional

circumstances" where absence of counsel is "likely to result

in fundamental unfairness impinging on [a litigant's] due

process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st 

Cir. 1991). The instant case, which did not involve

particularly complex questions of law or fact, presented no

such exceptional circumstances. 

 Nor did the court abuse its discretion in admitting

testimony, pursuant to Fed. R. Evid. 404(b), concerning prior

acts of institutional violence committed by McCabe. Such

evidence had bearing on the correction officers' state of

mind while attempting to remove McCabe from his cell and thus

was relevant to their defense against McCabe's claim to have

been the victim of constitutionally excessive force. See 

McCrary-El v. Shaw, 992 F.2d 809, 812 (8th Cir. 1993). The 

court committed no error in determining that the probative

value of this testimony outweighed any prejudicial effect it

might have had on McCabe.

 -2-

 Finally, we find no reversible error in defense

counsel's appeal to the jurors to "[p]ut yourselves in the

[shift commander's] position and ask, as he stood, whether

his decision was reasonable." Counsel was not improperly

asking the jurors "to depart from neutrality and decide the

case on the basis of personal interest and bias rather than

on the evidence," Forrestal v. Magendantz, 848 F.2d 303, 309 

(1st Cir. 1988), but to evaluate the reasonableness of the

situation from what was known to the shift commander. Such

an appeal to "collective common sense" is not an

inappropriate invocation of the "golden rule." United States 

v. Abreu, 952 F.2d 1458, 1471 (1st Cir.), cert. denied, 503 

U.S. 994 (1992). Moreover, any possible prejudice which

might have arisen was corrected by the court's instructions

to the jury that it determine the case "entirely on the

evidence as you have seen it and heard it right in this

courtroom. Without any bias, without any prejudice." See 

Forrestal, 848 F.2d at 309 (no prejudice where proper 

instruction cured "golden rule" error).

 Affirmed. 

 -3-